**Kenneth Michael HOGAN, Appellant,**

v.

**Scott D. OVERMAN, Appellee.**

No. 84–2114.

United States Court of Appeals,
Fourth Circuit.

Argued May 7, 1985.

Decided July 18, 1985.

J.D. Smith, Jr., Richmond, Va. (Parker E. Cherry, Purcell, Cherry, Kerns & Abady, Richmond, Va., on brief), for appellant.

P. Christopher Guedri, Richmond, Va. (Browder, Russell, Morris & Butcher, Richmond, Va., on brief), for appellee.

Before WINTER, Chief Judge, CHAPMAN, Circuit Judge and KNAPP, Senior United States District Judge for the Southern District of West Virginia, sitting by designation.

HARRISON L. WINTER, Chief Judge:

Plaintiff Hogan sued defendant Overman, invoking federal admiralty jurisdiction. Hogan alleged in his complaint that Overman "was engaged in towing plaintiff on water skis and the defendant did then and there so carelessly and negligently operate [the motorboat] so as to cause plaintiff to be thrown and fall." The district court granted defendant's motion to dismiss for lack of admiralty jurisdiction. We reverse.

I.

Admiralty jurisdiction requires more than occurrence of the alleged wrong on navigable waters; the alleged wrong must also have a substantial relationship with maritime activity. *Executive Jet Aviation, Inc. v. City of Cleveland*, 409 U.S. 249, 93 S.Ct. 493, 34 L.Ed.2d 454 (1972) (no admiralty jurisdiction where plane crashed into navigable waters). The Supreme Court has most recently discussed the requisite relationship with maritime activity in *Foremost Insurance Co. v. Richardson*, 457 U.S. 668, 102 S.Ct. 2654, 73 L.Ed.2d 300 (1982), where two pleasure boats collided on navigable waters. The Supreme Court concluded that "[b]ecause the 'wrong' here involves the negligent operation of a vessel on navigable waters, we believe that it has a sufficient nexus to traditional maritime activity to sustain admiralty jurisdiction in the District Court." *Id.* at 674, 102 S.Ct. at 2658. "An allegation of a navigational error," therefore, "appears to be the key to admiralty jurisdiction when dealing with small pleasure craft." *Souther v. Thompson*, 754 F.2d 151, 153 (4 Cir.1985) (no admiralty jurisdiction where there was no allegation that defendant towing plaintiff water skier committed a navigational error). *See also Oliver v. Hardesty*, 745 F.2d 317 (4 Cir.1984) (admiralty jurisdiction where defendant's allegedly negligent op-

eration of his boat caused it to collide with swimmer).

## II.

This case, like *Foremost,* involves an alleged navigational error—"the negligent operation of a vessel on navigable waters," 457 U.S. at 674, 102 S.Ct. at 2658—and therefore the district court had admiralty jurisdiction. The complaint, though unspecific, alleges negligent operation of a motorboat, which defendant's counsel concedes can be construed as a general allegation of navigational error. Such a complaint is not vulnerable to a motion to dismiss for lack of jurisdiction.[1]

Defendant's main argument is that federal admiralty jurisdiction does not extend to water-skiing accidents. To support this argument, he cites *Crosson v. Vance,* 484 F.2d 840, 842 (4 Cir.1973), in which we held that "admiralty jurisdiction does not reach a claim for personal injury by a water skier against the allegedly negligent operator of the tow boat."[2] We based this holding on *Executive Jet,* the case in which the Supreme Court first explored the jurisdictional requirement of a connection between the alleged wrong and maritime activity. There the Supreme Court, in a footnote, disapprovingly noted several earlier decisions that had sustained admiralty jurisdiction "despite the lack of any connection between the wrong and traditional forms of maritime commerce and navigation." *Executive Jet,* 409 U.S. at 255–56, 256 n. 5, 93 S.Ct. at 498 n. 5. Among the cases cited was *King v. Testerman,* 214 F.Supp. 335

(E.D.Tenn.1963), a water-skier's suit against the towboat operator.

We agree with the First Circuit that the Supreme Court's disapproval of extending admiralty jurisdiction to water-skiing cases like *King* does not survive the Supreme Court's decision in *Foremost. See Medina v. Perez,* 733 F.2d 170, 171 (1 Cir.1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 778, 83 L.Ed.2d 774 (1985). *Foremost,* in citing the *Executive Jet* footnote on cases with "absolutely no connection to maritime activity," specifically referred to other cases mentioned in the footnote: those involving swimmers colliding and swimmers hitting submerged objects. Omitted, however, was any mention of the *King* water-skier case. Rather, "[t]he focus of *Foremost* was whether the wrong was related to 'traditional maritime activity,' and the Court made clear that the most fundamental of such activities is navigation of a vessel." *Medina,* 733 F.2d at 171.[3]

 Since negligent navigation of a vessel is alleged here, we conclude that the motion to dismiss for lack of admiralty jurisdiction was improperly granted.

REVERSED.

---

1. We further note that plaintiff has supplemented his complaint with an affidavit alleging that defendant negligently operated the towboat by veering to avoid collision with another boat. If we treat the affidavit as an amendment to the complaint, the complaint clearly alleges a navigational error. *Cf.* 33 U.S.C. § 2001 *et seq.* (Inland Navigational Rules), § 2008(a) ("Any action taken to avoid collision shall, if the circumstances of the case admit, be positive, made in ample time and with due regard to the observance of good seamanship.").

2. We recognize that we have echoed this conclusion elsewhere in *dicta. See Souther,* 754 F.2d

at 153; *Oliver,* 745 F.2d at 318–19. We now hold that admiralty jurisdiction does reach such claims where the negligence alleged is navigational error.

3. The fact that the alleged wrong involves water skiing as well as the navigation of a vessel is immaterial. "The federal interest in protecting maritime commerce ... can be fully vindicated only if *all* operators of vessels on navigable waters are subject to uniform rules of conduct." *Foremost,* 457 U.S. at 674–75, 102 S.Ct. at 2658 (emphasis in original).